**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10314 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00312-GMN-NJK-1 |
| v. | |
| ROBERT PETROZZINO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted June 14, 2016
San Francisco, California

Before: CLIFTON, and IKUTA, Circuit Judges, and LAMBERTH,** Senior
District Judge.

Robert Petrozzino appeals various aspects of the district court's imposition

of a 75-month prison sentence for the crimes of possession of stolen mail, theft of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Royce C. Lamberth, Senior District Judge for the U.S.
District Court for the District of Columbia, sitting by designation.

government money, and aggravated identity theft. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

First, the district court did not fail to resolve factual disputes in Petrozzino's presentencing report, as Petrozzino now contends. The district court had no obligation under Federal Rule of Criminal Procedure 32(i)(3)(B) to resolve factual disputes related to paragraphs 11 through 14 of the presentencing report because Petrozzino failed "to make specific allegations of factual inaccuracy" in regard to those paragraphs. *United States v. Christensen*, 732 F.3d 1094, 1101–02 (9th Cir. 2013). Although Petrozzino had argued during the sentencing proceedings that various portions of his presentencing report were incorrect or unsubstantiated, the district court specifically rejected those arguments at Petrozzino's sentencing hearing. In doing so, the district court made findings sufficient to permit meaningful review by this Court.

Second, under the facts of this case, it was reasonable for the district court to calculate Petrozzino's intended loss by adding together the face value of the checks contained in the mail he had stolen, including the checks that were in unopened envelopes. The district court applied this loss calculation methodology only after determining that Petrozzino was aware the mail contained stolen checks and that he had intended to exchange the entirety of the mail for

2

methamphetamine, as he had repeatedly done before. As a result and contrary to defendant's argument, the district court's decision to value the stolen mail by totaling the amount of uncashed checks it contained was not "mechanical[]." *United States v. Santos*, 527 F.3d 1003, 1008 (9th Cir. 2008). Rather, the calculation was consistent with Petrozzino's admission that he had previously exchanged stolen mail for methamphetamine and reflective of the losses Petrozzino truly intended to cause. Therefore, because it was rooted in the evidence of the case, the district court's calculation methodology was reasonable "based on available information." U.S.S.G. § 2B1.1 cmt. n.3(C).

Third, the district court's finding that Petrozzino played a supervisory role was not clearly erroneous. Because the district court's finding that Petrozzino ordered his co-defendant to distract apartment staff to enable him to burglarize the mailroom was not clearly erroneous, the district court did not err in concluding that he "exercised some control over others involved in the commission of the offense." *United States v. Doe*, 778 F.3d 814, 823 (9th Cir. 2015) (quoting *United States v. Whitney*, 673 F.3d 965, 975 (9th Cir. 2012)). Accordingly, the district court's application of the supervisory role sentencing enhancement must be affirmed.

Fourth, Petrozzino's sentence was not substantively unreasonable. The district court sentenced Petrozzino to the high end of his Sentencing Guidelines range after finding his crime was serious and harmful, there were 450 victims, and that as of the time of his arrest, Petrozzino had taken no steps to address his drug addiction. As such, this is not one of the "rare cases" where a district court imposed a substantively unreasonable sentence. *United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir. 2012) (en banc).

**AFFIRMED.**